**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SEGUNDO RAMIRO CUJI CUJI,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-272-KC** |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Segundo Ramiro Cuji Cuji's Petition for a Writ of Habeas Corpus, ECF No. 1. Cuji is detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 7. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 35–58.

Cuji has been in the country since 2020 and was apprehended and detained by immigration authorities for the first time on January 27, 2026, in Minnesota. *Id.* ¶¶ 13–14, 17. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Cuji's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 10, 2026**, why the application for a writ of habeas corpus should not be granted. *See*

*Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

Kathleen Cardone

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE